UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL GARCIA,

    Plaintiff,

CASE NO: 6:17-cv-926-ORL37KRS

v.

SC MAINTENANCE, INC., a
Florida Corporation, and STEVEN
S. CLEMENTS, an Individual,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOEL GARCIA ("Plaintiff"), files this Complaint against Defendants, SC MAINTENANCE, INC., a Florida corporation, and STEVEN S. CLEMENTS, individually, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional and equal amount in liquidated damages, and attorneys' fees and costs.

2. The jurisdiction of this Court over the controversy is proper pursuant to 28 U.S.C. §1331, as these claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, JOEL GARCIA was, and continues to be, a resident of Polk County, Florida.

4. At all times material hereto, Defendant, SC MAINTENANCE, INC. was, and continues to be, a Florida Corporation that operates and conducts business in Polk County, Florida.

5. Based on information and belief, at all times material hereto, Defendant, STEVEN S. CLEMENTS, was an individual resident of the State of Florida, Lee County.

6. At all times material hereto, Defendant, STEVEN S. CLEMENTS was the owner of SC MAINTENANCE, INC., and regularly exercised the authority to: (a) hire and fire employees of SC MAINTENANCE, INC.; (b) determine the work schedules for the employees of SC MAINTENANCE, INC.; and (c) control the operations of SC MAINTENANCE, INC.

7. By virtue of his role as to the owner of SC MAINTENANCE, INC. who regularly exercised the authority to: (a) hire and fire employees of SC MAINTENANCE, INC.; (b) determine the work schedules for the employees of SC MAINTENANCE, INC.; and (c) control the operations of SC MAINTENANCE, INC., Defendant, STEVEN S. CLEMENTS, is an employer as defined by 29 U.S.C. §201, et seq.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, working as a floor maintenance worker.

10. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material hereto, Defendant, SC MAINTENANCE, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, Defendant, SC MAINTENANCE, INC., was, and continues to be, and enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant SC MAINTENANCE, INC. was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto Defendant, SC MAINTENANCE, INC. had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cleaning equipment, chemicals and cleaning supplies.

16. At all times material hereto, Plaintiff, was "engaged in commerce" and subject to individual coverage of the FLSA, in that, among other duties, they regularly used cleaning products that were manufactured out of state.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. In approximately November 2015, Defendants hired JOEL GARCIA to work as a floor cleaner. Plaintiff's job duties entailed cleaning floors for commercial properties.

19. Throughout his employment with Defendants, Plaintiff was paid a daily rate of $100.00 of the number of hours he worked.

20. At all times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

23. From the date of Plaintiff's hire and continuing through to his separation from the SC MAINTENANCE, INC., Defendants failed to compensate Plaintiff at a rate of one and one-half Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

3

24. Plaintiff is entitled to be paid at the rate of one and one-half Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

25. Defendants have violated Title 29 U.S.C. §206 and §207 from at least February 2015 and continuing through January 2017 in that:

> a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;
>
> b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and
>
> c. Defendants have failed to maintain proper time records as mandated by the FLSA.

27. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was/were willful.

28. Defendants refused and/or failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29. Plaintiff has retained the law firm of Morgan & Morgan, P.A. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT I
## RECOVERY OF OVERTIME WAGES

30. Plaintiff reincorporates and readopts Paragraphs 1 through 29 of the Complaint as it fully set forth herein.

31. From at least November 2015 and continuing through at least December 2016,

Plaintiff worked hours in excess of forty (40) hours during one or more weeks of his employment, for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

32. Plaintiff was/is entitled to be paid the statutory rate of one and one-half his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

33. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the overtime provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is, due.

35. Defendants have failed to properly disclose or apprise Plaintiff, and those similarly situated, of Plaintiff's rights under the FLSA.

36. Due to intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff, and those similarly situated, is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated, requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 16 day of May, 2017.

Matthew R. Gunter, Esq.
Florida Bar No. 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801
Tel: 407-236-0946
Facsimile: 407- 867-4791
Email: mgunter@forthepeople.com
*Trial Attorneys for Plaintiff*